450    SUPREME COURT.

Parker and others vs. Hendry, Adm'r.—Opinion of Court.

HENRY L. PARKER, JOHN H. HOLLINGSWORTH, WILLIAM B. HOOKER AND JOHN PARKER, APPELLANTS, vs. FRANCIS A. HENDRY, ADMINISTRATOR *de bonis non* OF THE ESTATE OF JAMES E. HENDRY, APPELLEE.

On the trial of a suit instituted to recover the price of cattle sold, a witness was asked whether he did or did not have a stock of cattle running with the stock of Alderman Carlton, known as the James E. Hendry stock, and whether or not it was formerly of the same stock: Held, the question was inadmissible.

This case was decided at Tampa.

Appeal from the Circuit Court of Hillsborough county.

The opinion of the Court contains a statement of the facts in the case, to which reference is made.

*Gettis & Mitchell* for appellants.

*James T. Magbee* for appellee.

BALTZELL, C. J., delivered the opinion of the Court.

There is but one question in this case, and that is, the refusal of the Court below to permit a question asked of a witness to state to the jury whether witness did or did not have a stock of cattle running with the stock of Alderman

Parker and others vs. Hendry, Adm'r.—Opinion of Court.

Carlton's, known as the James E. Hendry stock, and whether or not it was formerly of the same stock. The Court ruled "that it would not permit this question to be asked at present, in this stage of the case, because the Court does not perceive that it is relevant to the issue before the Court." Whether relevant or not will depend upon and be ascertained alone by the state of the pleadings and the nature of the case.

The suit was instituted to recover the amount of two promissory notes, part consideration for the price of a stock of cattle. The defence was fraud, covin and misrepresentation in the making of the notes. The proof, up to the taking of the exception above stated, was that there was a public sale by the *administrator* of Hendry of his stock of cattle of the estate. According to one witness, the entire stock of cattle, excepting 20 cows and calves, South of Ocala was sold. It was proclaimed that the marks and brands, with this exception, belonging to the estate South of Ocala were for sale, and were sold. Another witness said: Proclamation was made that all the stock of cattle belonging to the estate of James E. Hendry South of Ocala, except the cows and calves purchased by the widow, were sold, except one "steer." There were several marks in those cattle, and the number of the cattle was not stated. The object of the question ruled out by the Court was as to whether there was a stock formerly belonging to Hendry running with the stock sold by the administrator, and upon this to predicate an allegation of fraud. But very clearly, we think, this result would by no means have followed even if this fact had been proved by the witness. The stock of the estate of Hendry, as it was at the time of his death, or improved by natural increase or otherwise, was the subject of sale, and not the property of others bought from Hendry in his life-time and at a time anterior to the sale.

There is no difference in the testimony on this point. The mark and brand of the estate was sold—the stock belonging to the estate was sold. A proclamation by the administrator that he would sell all the stock that ever belonged to the estate or to Hendry at any time of his life would have been preposterous. ,It would have brought discredit on the sale, and no one would have bought on such terms. Direct and absolute testimony would have been required to show either that a party contracted in such manner or believed that he was so doing. Without some such testimony there is no room for the enquiry very properly, in our opinion, rejected by the Court from being answered by the witness.

By the further testimony in the case, the party purchasing assumed the ownership of the cattle marked and branded, gathered the calves and treated the stock in all respects as his own. If considering himself as defrauded, he should have rescinded the bargain; or, in case of a deficiency as to a part sold which he considered himself fairly entitled to claim, this is the subject of abatement. Here there is no pretence for either—no misrepresentation, no concealment, no statement of loss of any part bargained for.

But there is another view of the subject. The ruling of the Court was not prohibitory, but admitting of further application in case of other testimony to the same point. The Judge did not think it relevant then. We think there was no reason to complain of the ruling.

Let the judgment be affirmed with costs.